JUDGE RAKOFF

08 CV 5422

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

PRIME NAVIGATION CO. LTD.,

        Plaintiff,

- against -

GLOBAL UNITED LTD.,

        Defendant.

------------------------------------------------------X



ECF CASE

RECEIVED
JUN 16 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, PRIME NAVIGATION CO. LTD. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, GLOBAL UNITED LTD. (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the owner of the motor tanker "AMAZON EXPLORER" (hereinafter the "Vessel").

3.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law, and was at all material times the appointed agent of Plaintiff.

4.    By a charter party dated September 14, 2007 Plaintiff voyage chartered the Vessel to nonparty Petrobras.

5.    Plaintiff delivered the Vessel into the service of Petrobras and fully performed all duties and obligations under the charter party.

6.    On or about February 29, 2008, Defendant Global United Ltd. was appointed and agreed to serve as agent for Plaintiff at Freeport, Bahamas. *A copy of correspondence confirming Plaintiff's appointment of Defendant is annexed hereto as Exhibit "1".*

7.    A dispute arose between the parties regarding Defendant's failure to refund unpaid disbursements which are due and owing to Plaintiff under the Plaintiff's agency agreement with the Defendant.[1]

8.    As a result of Defendant's breach of its agency agreement with the Plaintiff due to Defendant's failure to pay the refund of unpaid disbursements due and owing to Plaintiff, Plaintiff has sustained damages in the total principal amount of $33,916.54 exclusive of interest, litigation and/or arbitration costs and attorneys' fees.

9.    Despite due and repeated demand, Defendant has failed to pay the amounts due and owing under the agency agreement.

10.    Plaintiff reserves its right to arbitrate or litigate its claim against Defendant before a properly constituted arbitral body or a court of competent jurisdiction.

11.    This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of such proceedings.

---

[1] Payments for disbursements to be made to *inter alia* contractors, subcontractors and the Bahamian government were made to the Defendant by the Plaintiff and were never paid by the Defendant to said entities.

2

12.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim – Disbursements | $33,916.54 |
| B. | Estimated interest on claim - 3 years at 7.5% compounded quarterly: | $ 8,469.52 |
| C. | Estimated attorneys' fees and litigation costs: | $30,000.00 |
| | **Total:** | **$72,386.06** |

13.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant. *See Affidavit in Support of Prayer for Maritime Attachment annexed hereto as Exhibit 2.*

14.    The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia,* any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

3

B.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $72,386.06 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

D.     That pursuant to 9 U.S.C. §§ 201 et. seq. and/or the principles of comity, this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

E.     In the alternative, that the Court retain jurisdiction to compel the Defendant(s) to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

F.     That this Court recognize and confirm any award or judgment rendered on the claims had herein as a Judgment of this Court;

4

G.     That this Court retain jurisdiction over this matter through the entry of any
judgment or award associated with any of the claims currently pending, or which may be
initiated in the future, including any appeals thereof;

H.     That this Court award Plaintiff the attorneys' fees and costs incurred in this
action; and

I.     That the Plaintiff has such other, further and different relief as the Court
may deem just and proper.

Dated:        New York, NY
              June 16, 2008

                         The Plaintiff,
                         PRIME NAVIGATION CO. LTD

                         By:

                         Patrick F. Lennon
                         Coleen A. McEvoy
                         LENNON, MURPHY & LENNON, LLC
                         420 Lexington Avenue, Suite 300
                         New York, NY 10170
                         (212) 490-6050 - phone
                         (212) 490-6070 - facsimile
                         pfl@lenmur.com
                         cam@lenmur.com

## ATTORNEY'S VERIFICATION

1.    My name is Coleen A. McEvoy.

2.    I am over 18 years of age, of sound mind, capable of making this
Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the
Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents
thereof and believe the same to be true and accurate to the best of my knowledge, information
and belief.

5.    The reason why this Verification is being made by the deponent and not
by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now
within this District.

6.    The source of my knowledge and the grounds for my belief are the
statements made, and the documents and information received from, the Plaintiff and agents
and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      New York, NY
            June 16, 2008

                                Coleen A. McEvoy

6

# EXHIBIT 1

Case 1:08-cv-04962-RJH    Document 1    Filed 05/29/2008    Page 8 of 17
ATHOFF/DAM    @ 5/28/2008 1:24 PM    □NARBI-281039    ℞ 001/000

From: Maroosan Brokers Inc
      <AZ8KARBI>
To   : MASTER AMAZON EXPLORER                               Sent    2/29/2008 10:09 PM
      <amazonexplorer@sunenterprises.gr@SNT>
Cc   : SUN ENTERPRISES LTD – POSTOFFICE                     Senc    2/29/2008 10:12 PM
To   : S.SKPOINTZOGLOU                                      Sent    3/3/2008 9:16 AM
To   : G.TZORBATZAKIS                                       Sect    3/3/2008 8:53 AM
To   : I.ALOUPIS                                            Sent    2/3/2008 4:12 PM
To   : T.MAKRYNIOTIS                                        Sant    3/3/2008 9:46 AM
To   : SUNSEL                                               Sent    3/11/2008 11:43 AM
To   : P.Cook                                               Sent    3/3/2008 10:10 AM
To   : J.ATHANASOPOULOS                                     Sant    3/1/2008 9:23 AM
To   : G.POLEMIS                                            Sent    3/3/2008 10:55 AM
To   : A.Zarafonitis                                        Sont    3/3/2008 9:14 AM
To   : C.SALTARIS                                           Sent    3/3/2008 9:20 AM
To   : F.KONTOS                                             Sent    3/2/2008 8:55 PM
To   : V.PEPONIS                                            Sent    3/1/2008 9:23 PM
To   : ARS  – A.SPYRANTIS – AT OFFICE                       Sent    3/3/2008 10:09 AM
To   : D.Bahe                                               Sent    3/3/2008 9:22 AM
To   : M.PAPAPETROU                                         Sant    3/3/2008 9:38 AM
To   : D. Mikolis                                           Sent    3/3/2008 11:49 AM
To   : Clive J. Redhead                                     Ponding 3/1/2008 9:16 AM
Date: Friday, February 29, 2008 10:09 PM Msg: NARBI-281039
Sub  : MT AMAZON EXPLORER C/P JAN 22, 2008 – SANTOS/RJANEIRO/FREEPORT–BAHAMAS – F

Subject: MT AMAZON EXPLORER C/P JAN 22, 2008 – SANTOS/RJANEIRO/FREEPORT–
BAHAMAS – FULL VOY INSTRUCTIONS

REF.: MT AMAZON EXPLORER C/P JAN 22, 2008 – FULL VOY INSTRUCTIONS

FOLLOWING RECEIVED FROM CHARTERERS  – CONFIRM

QUOTE

GOOD DAY SIRS,

PLS FWD TO OWNERS/MASTER.

1 ST LOADING PORT – SANTOS
QTTY : 50.000 MT  OF FUEL OIL  SG – 1,02 SEGREGATED BY DOUBLE VALVS.

2 ND LOADING PORT – RIO DE JANEIRO
QTTY : 21.000 MT  OF FUEL OIL  SG – 1

UPON COMPLETION OF LOADING VSL SHALL PROCEED TO FREEPORT/BAHAMAS FOR ORDERS,
HOWEVER VSL WILL BE INFORM NOA TO NVMC / USCG (sxns@nvmc.uscg.gov),
INITIALLY BASIS GUAYANILLA, 96 H TO ARRIVAL.

VESSEL TO MAINTAIN LOAD TEMPERATURE BUT MAXIMUM 135 DEG FAH. MAX LOAD TEMP
160 DEG FAH AT VESSELS MANIFOLD. OWNERS SHOULD SEND TO CHARTERERS ALL
DOCUMENTS DULY SIGNED BY VESSEL AND TERMINAL REPRESENTATIVES REPORTING THE
TEMPERATURE OF LOADED CARGO.

REGARDING AGENTS TO BE APPOINTED AT FREEPORT, BAHAMAS, WE SUGGEST BELOW ,
WHICH KINDLY CONFIRM OWNERS' APPOINTMENT

FREEPORT/BAHAMAS

GLOBAL UNITED BAHAMAS

phone Number : + 242 352-9315 (6, 7, 8) (Switchboard) / + 242 351-7374
(Direct) / + 242 352-2328 (ADB)
Fax.:+ 242 352-2754 / + 242 352-4034 / + 242 352-2329 /+ 242 351-6784
E-Mail :gulops@gulbahamas.com

REMARK: FOR NOA PURPOSE FOLLOW FULL STYLE OF AGENT AT GUAYANILLA:

Agency Name : LUIZ A. AYALA COLON SUCRES. INC.
Adress : 3021, Ave. Santiago de Los Caballeros P.O.Box : 7066 - PR
00732-7066
Country : PUERTO RICO - USA
Telephone Number : +1 787 848 9000, Ext. 2401 to 2405 and 841-1120 .
Fax.:+ 1 787 843 0070
TLX :6502152933 AND 5542152936
E-Mail :agency.mgr.sj@ayacol.com

Contacts :
Name :FRANCISCO AYALA   (AGENT)
Tel.: + 1 787 984 5705
Mobile: 1 787 504 2794
E-mail: agency.mgr.sj@ayacol.com

Name :LUIZ G. DE JESUS   (MANAGER)
Tel.: + 1 787 843 4517
Mobile: 1 787 599 8134
E-mail; agency.mgr.sj@ayacol.com

'EDP' CAN BE APPLIED IN CASE B/L NOT RELEASED TILL VSL'S SLNG

AS SOON AS VSL LEAVES LAST LOADING PORT PLS INFORM THE FOLLOWING:

AA) QUANTITY LOADED AS PER B/L (IF AVAILABLE), SHIP'S FIGURES AND THE
TEMPERATURE OF LOADED CARGO.

BB) ARRIVAL DRAFT(SW/BW/FW) AND ETA DAILY AT FREEPORT/BAHAMAS, ST EUSTATIUS,
GUAYANILLA/PTO RICO AND N.YORK

CC) DATE AND HOUR OF DEVIATION POINT TO ST EUSTATIUS, GUAYANILLA AND NYORK

DD) TEMPERATURE OF CARGO PER EACH TANK DAILY

EE) QTTY (IN MTONS) THAT VSL HAS TO LIGHTER IN ORDER TO REACH THE FULL
DRAFTS 38FT/37FT AND 36FT (SW/BW/FW)

FF) H2S CONTENT

ALSO, PLS INSTRUCT MASTER TO START ETA NOTICE TO DISPORT AGENTS, TO
PETROBRAS AMERICA AND TO US IN ORDER TO AVOID ANY DELAYS AT DISCH OPERATIONS
NOTE BELOW EMAILS TO BE SENT

FREEPORT BAHAMAS AGENCY
E-Mail :gulops@gulbahamas.com

PETROBRAS AMERICA
EMAIL - bgoulart@petrobras-usa.com

SPECIAL REMARK TO ALL CONCERNED PARTIES: PLS KEEP ALL MSGS IN COPY TO
(lmcerqueira.hope@petrobras.com.br); (mandre@petrobras.com.br) AND FOR OUR

GENERAL EMAIL: tankers@petrobras.com.br

KINDLY CONFIRM MASTER IS INSTRUCTED ACCORDINGLY.

BRGDS,

Marcos André
AB-LO/TM/OC
Phone: 55 21 3224-5425 or 6460 or 5404
Fax: + 55 21 25178005 after the message dial ext. 146425 (preferential -
straight to my computer) or 55 21 3224-5454 or 5455 or 6456
Email: mandre@petrobras.com.br

UNQUOTE

MDM

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X
PRIME NAVIGATION CO. LTD.,                            :
                                                      :
                    Plaintiff,                        :
                                                      :
        - against -                                   :        ECF CASE
                                                      :
GLOBAL UNITED LTD.,                                   :
                                                      :
                    Defendant.                        :
--------------------------------------------------------- X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut   )
                       )        ss:  Town of Southport
County of Fairfield    )

        Coleen A. McEvoy, being duly sworn, deposes and says:

        1.      I am a member of the Bar of this Court and represent the Plaintiff herein. I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### DEFENDANT IS NOT PRESENT IN THE DISTRICT

        2.      I have attempted to locate the Defendant, GLOBAL UNITED LTD., within this

District. As part of my investigation to locate the Defendant within this District, I checked the

telephone company information directory, as well as the white and yellow pages for New York

listed on the Internet or World Wide Web, and did not find any listing for the Defendant.

Finally, I checked the New York State Department of Corporations' online database which

showed no listings or registration for the Defendant.

3.      I submit based on the foregoing that the Defendant cannot be found within this
District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and
Maritime Claims.

4.      Upon information and belief, the Defendant has, or will have during the pendency
of this action, tangible and intangible property within this District and subject to the jurisdiction
of this Court, held in the hands of in the hands of garnishees within this District, which are
believed to be due and owing to the Defendant.

5.      This is Plaintiff's first request for this relief made to any Court.

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

6.      Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil
Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy,
Nancy R. Peterson, Coleen A. McEvoy, Anne C. LeVasseur or any other partner, associate,
paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by
Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order
and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon
the garnishee(s), together with any other garnishee(s) who (based upon information developed
subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendant.

7.      Plaintiff seeks to serve the prayed for Process of Maritime Attachment and
Garnishment with all deliberate speed so that it may be fully protected against the potential of
being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the
Defendant.

2

8.    To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

### PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9.    Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendant, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

### PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10.   Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served and throughout the next day, provided that process is served the next day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

3

Dated: June 16, 2008
Southport, CT

Coleen A. McEvoy

Sworn and subscribed to before me
this 16th day of June, 2008.

Notary Public / Commissioner of
Superior Court

4