USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07-07-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PRIME NAVIGATION CO. LTD.,

        Plaintiff,

  - against -

GLOBAL UNITED LTD.,

        Defendant.
---------------------------------------------------------------X

08-cv-5422 (JGK)

ECF CASE

## STIPULATION AND ORDER
## DIRECTING RELEASE OF ATTACHED PROPERTY

IT IS HEREBY STIPULATED AND AGREED between the parties as follows.

Whereas the Plaintiff, PRIME NAVIGATION CO. LTD., ("Prime Navigation"), and the Defendant, GLOBAL UNITED LTD., ("Global") have agreed to settle their dispute concerning an agency agreement made on or about February 29, 2008, which dispute was the subject of the instant litigation that Prime Navigation filed against Global on or about June 16, 2008;

Whereas Prime Navigation and Global have entered into a settlement agreement that provides Global shall pay to Prime Navigation the sum of $4,500.00; and

Whereas pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure, on or about June 17, 2008 Prime Navigation obtained from the Court an Ex-Parte Order of Maritime Attachment together with Process of Maritime Attachment and Garnishment that authorized the attachment of Defendants' property with the Southern District of New York in an amount up to $72,386.06; and

Whereas garnishee Bank of New York, acting pursuant to the Ex-Parte Order of Maritime Attachment and Garnishment, restrained and attached Defendant Global's property on or about June 18, 2008 in the amount of $7,093.78. ; and on or about June 24, 2008 in the amount of $3,000.00; and

Whereas on or about June 19, 2008 garnishee ABN Amro, acting pursuant to the Ex-Parte Order of Maritime Attachment and Garnishment, restrained and attached Defendant Global's property in the amount of $654.43; and

Whereas garnishee Citibank, acting pursuant to the Ex-Parte Order of Maritime Attachment and Garnishment, restrained and attached Defendant Global's property on or about June 19, 2008 in the amount of $10,813.74, on or about June 20, 2008 in the amount of $597.54, and on or about June 26, 2008 in the amount of $535.68 ; and

Whereas on or about June 20, 2008 garnishee Deutsche Bank, acting pursuant to the Ex-Parte Order of Maritime Attachment and Garnishment, restrained and attached Defendant Global's property in the amount of $271.82; and

Whereas garnishee Bank of America, acting pursuant to the Ex-Parte Order of Maritime Attachment and Garnishment, restrained and attached Defendant Global's property on or about June 23, 2008 in the amount of $16,087.88 and on or about June 25, 2008 in the amount of $1,250.00; and

Whereas the total amount of funds currently restrained by garnishee banks is $40,304.87; and

Whereas Prime Navigation and Global have agreed that Global should pay the amount provided for in the settlement from the $16,087.88 that is currently under attachment at Bank of America pursuant to separate written instructions furnished to garnishee Bank of America by Prime Navigation's New York counsel LENNON, MURPHY & LENNON, LLC; and

Whereas Prime Navigation and Global have agreed that, once LENNON, MURPHY & LENNON, LLC has received confirmation that the $4,500.00 settlement payment has been received into its designated account(s), Prime Navigation's New York counsel LENNON, MURPHY & LENNON, LLC, shall then instruct garnishees ABN Amro, Citibank, Bank of America and Deutsche Bank in writing to release the remainder of the attached funds,

approximately $35,804.87, less bank fees, if any, to Global United to the destination accounts pursuant to the original wire details; and

Whereas, Global hereby agrees that it releases any and all claims against Prime Navigation arising out of or relating to its agency agreement made on or about February 29, 2008 with Prime Navigation which dispute was the subject of the instant litigation, and does hereby release and forever discharge Prime Navigation and its parents, subsidiaries, affiliates, heirs, executors, administrators, successors, assigns and insurers, from any and all claims, actions, causes of action, demands, rights, damages, costs, expenses and compensation whatsoever which Global ever had, now has, or which may hereafter accrue in law, equity, or admiralty on account of or in any way related to any and all known and unknown, foreseen and unforeseen claims arising out of or relating to said agency agreement; and

Whereas, Prime Navigation and Global have agreed that after the settlement in favor of Prime Navigation has been fully funded by Global, Prime Navigation's New York counsel, Lennon, Murphy & Lennon, LLC, shall file a notice of dismissal in the instant action;

Dated: July , 2008

LENNON, MURPHY & LENNON, LLC
Attorneys for Plaintiff
PRIME NAVIGATION CO. LTD.         GLOBAL UNITED LTD.

By: _____      By: _____   July 7th 2008
Coleen A. McEvoy                        Jackson L. Ritchie
The Chrysler Bar Building               Chief Executive Officer
420 Lexington Ave., Suite 300
New York, New York 10170
(212) 490-6050


On this 7th day of July, in the year 2008 before me, an Attorney in and for Freeport, Bahamas personally appeared Jackson L. Ritchie, known or identified to me to be the Chief Executive Officer of Global United Ltd. a Bahamian entity, and acknowledged to me that he has the authority to execute and so executed the within instrument on behalf of said Global United Ltd.

_____
Attorney-at-law


IT IS HEREBY ORDERED that garnishee bank Citibank shall effect an electronic funds transfer pursuant to separate written instructions furnished to garnishee Bank of America by Prime Navigation's New York counsel LENNON, MURPHY & LENNON, LLC in the amount of $4,500.00 which amount shall be deducted from the Global property that Bank of America currently holds under attachment, and that any bank fees associated with the transferring of settlement funds to the appointed account shall not be deducted from the transferred funds; and

IT IS FURTHER HEREBY ORDERED that the $4,500.00 settlement payment from Global shall not be subject to any attachment in New York after those funds are released by Bank of America en route to the designated account provided for herein; and

IT IS FURTHER HEREBY ORDERED this Court shall retain jurisdiction to enforce this Stipulation and Order and to enforce any supplemental orders that garnishee Bank of America may require to effect the foregoing electronic wire funds transfers;

IF IS FURTHER ORDERED that once the settlement funds have been received into the designated account, Prime Navigation's New York counsel, Lennon, Murphy & Lennon, LLC, shall file a notice of dismissal in the instant action.

SO ORDERED.

7/7/08

_____
John G. Koeltl
U.S.D.J.